**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **GARY BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **GRAVITY OILFIELD SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

Plaintiff Gary Brown files this Original Complaint against Defendant Gravity Oilfield Services, LLC, alleging Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA"), and the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA"). Plaintiff requests damages, interest, attorneys' fees, and costs for Defendant's unlawful acts.

**I.     PARTIES AND SERVICE**

1.     Plaintiff Gary Brown is a resident of Hood County, Texas.

2.     Gravity Oilfield Services, LLC ("Gravity" or "Defendant") is a domestic limited liability company headquartered in Midland, Texas. Gravity may be served via its registered agent, Capitol Corporate Services, Inc. 206 E. 9th Street, Suite 1300, Austin, Texas 78701 or wherever it may be found.

**II.     JURISDICTION & VENUE**

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves controversies arising under the laws of the United States, including the ADEA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Western District of Texas, under 28 U.S.C. § 1391(b)(1) and (2) because Defendant's principal place of business in Texas is in this District and because a substantial part of the events or omissions forming the basis of the suit occurred in this District.

5.      On May 19, 2020, Plaintiff timely dual-filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, alleging discrimination on the basis of age. On August 20, 2021, Plaintiff received the EEOC's Notice of Dismissal and Right to File Civil Action (the "EEOC Right to Sue Letter"). This lawsuit is being filed more than 180 days since the filing of the Charge and within ninety (90) days of Plaintiff's receipt of the EEOC Right to Sue Letter. Thus, all administrative prerequisites have been met or have expired under the ADEA and the TCHRA.

## III.    FACTUAL SUMMARY

6.      Plaintiff was hired by Defendant in March 2006 as a Corporate Salesman.

7.      In October 2018, Rob Rice, who is 20 or more years younger than Plaintiff, became CEO of Gravity.

8.      In January 2020, Plaintiff learned from his supervisor, National Sales Director Erik Dvorak, that at a sales meeting Rice stated, "salesmen are a dime a dozen, and I have no use for the old gray headed ones." Later, Plaintiff confirmed these comments with Regional Sales Manager Chad Engle, who admitted that Rice had made these statements. Dvorak also later re-confirmed that Rice had made these statements.

9.      In February 2020, Vice President Mike Sledge called Plaintiff and asked him what his age was. Plaintiff stated that he was 70 years old.

10.     On April 2, 2020, Dvorak called Plaintiff and informed him that he was being laid off, but did not give a reason why.  The same day, Corporate Salesman James Mathews, who also was over 70 years old, was also laid off by Dvorak.

11.     Plaintiff and Mathews were the oldest members of the Corporate Sales team, and they were the only members of the Corporate Sales team terminated at that time.

12.     Plaintiff asked Dvorak if the Company was laying off the two oldest Corporate Salesmen, but retaining the younger salesmen.  Dvorak confirmed that was correct.

13.     Gravity terminated Plaintiff on the basis of his age.

14.     All conditions precedent have been met or have expired.

## IV.     CAUSES OF ACTION

**COUNT ONE:     DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADEA AGAINST DEFENDANT GRAVITY OILFIELD SERVICES, LLC**

15.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

16.     Plaintiff has satisfied all jurisdictional and administrative prerequisites in connection with his claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA").

17.     At all times relevant, Gravity was an "employer" as defined by the ADEA. Gravity employed 20 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

18.     When Plaintiff worked for Gravity, he was an "employee" as defined by the ADEA.

19.     Plaintiff's discharge was because of his age in violation of the ADEA.

20.     Plaintiff's discharge was malicious or made with reckless indifference to his federally-protected rights.

21.    As a direct and proximate consequence of Gravity's violation, Plaintiff has suffered damages.

22.    Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

23.    Plaintiff seeks damages, statutory liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT TWO:   DISCRIMINATORY DISCHARGE IN VIOLATION OF THE TCHRA AGAINST DEFENDANT GRAVITY OILFIELD SERVICES, LLC**

24.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

25.    Plaintiff has satisfied all jurisdictional and administrative prerequisites in connection with his claim under the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA").

26.    At all times relevant, Gravity was an "employer" as defined by the TCHRA. Gravity employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

27.    When Plaintiff worked for Gravity, he was an "employee" as defined by the TCHRA.

28.    Plaintiff's termination was on the basis of his age in violation of the TCHRA.

29.    Plaintiff's termination was malicious or made with reckless indifference to his state-protected rights.

30.    As a direct and proximate consequence of Gravity's violation, Plaintiff has suffered damages.

31.    Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

32.     Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## V.     JURY DEMAND

33.     Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI.    PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Issue summons for Defendant Gravity Oilfield Services, LLC to appear and answer;

B.     Award to Plaintiff a judgment against Defendant Gravity Oilfield Services, LLC for:

1.     Equitable relief, including but not limited to reinstatement and/or lost wages and benefits (both past and future), the sum to be determined at time of trial;

2.     Damages for emotional distress and mental anguish;

3.     Compensatory, liquidated, and exemplary damages in the maximum amount allowed by law;

4.     Such other equitable relief as may be appropriate;

5.     Pre- and post-judgment interest;

6.     Attorneys' fees; and

7.     Costs.

Plaintiff further requests such other relief to which he is entitled in law or in equity.

Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**GARY BROWN**